**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
SHAROB ABDUL-AZIZ,            :
                              :  Civil Action No. 09-5932 (PGS)
          Plaintiff,          :
                              :
     v.                       :        **O P I N I O N**
                              :
IHUOMA NWACHUKWU, et al.,     :
                              :
          Defendants.         :
_____:

**APPEARANCES:**

Sharob Abdul-Aziz, <u>Pro Se</u>
#264368
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Christine H. Kim, Deputy Attorney General
Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08625

**SHERIDAN, District Judge**

    This matter comes before the Court upon Defendants' motion to dismiss and for summary judgment, see Docket Entry No. 44. For the reasons set forth below, Defendants' motion will be granted.

**I.   Legal Standard**

    **1.   Rule 12(b)(6) Standard**

    The Court must review the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which

relief may be granted. Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing, allegations that give rise to the mere possibility of unlawful conduct will not do. See Iqbal, 129 S. Ct. at 1949;

Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. See Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

   2.   **Summary Judgment Standard**

Summary judgment is appropriate under Fed. R. Civ. P. 56 if, on the record, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Carrasca v. Pomeroy, 313 F.3d 828, 832–33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if,

under the substantive law, it would affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether summary judgment should be granted, the Court considers the facts drawn from the "pleadings, the discovery and disclosure materials on file, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

However, while the Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor," Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted), summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact, and this requires more than the "mere existence of a scintilla of evidence" supporting the non-moving party." Anderson, 477 U.S. at 252; see also Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). Thus, to survive a motion for summary judgment, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

## II.  Background

### 1.  Procedural Background

Plaintiff submitted his complaint on November 20, 2009.  See Docket Entry No. 1.  This Court screened the complaint for sua sponte dismissal, and ordered that the complaint proceed with service on defendants.  See Docket Entry No. 2. Because of problems with service, it wasn't until April 7, 2011 that summons were returned executed.  See Docket Entry Nos. 32, 33.  After numerous requests for extensions of time to answer, Defendants filed this motion to dismiss and for summary judgment on July 18, 2011. See Docket Entry No. 44.  Plaintiff then filed his opposition to Defendants' motion.  See Docket Entry No. 45.  Defendants replied with a Brief filed on August 12, 2011.  See Docket Entry No. 46.

### 2.  Factual Background

Plaintiff's complaint names as defendants two doctors at the New Jersey State Prison ("NJSP").  He states that in 2007, he began having problems urinating.  He repeatedly submitted medical slips to see the doctor.  Defendant Nwachukwu disregarded his claims of pain, and told him that as long as he could urinate, he shouldn't come back to medical- that he should come back when he "can't go."  In November of 2007, that happened, and Plaintiff returned to medical.  Dr. Nwachukwu attempted to insert a catheter twice, but could not.  Plaintiff was sent to St. Francis Hospital, where he was scheduled for emergency surgery.

Plaintiff had a complete blockage of his urethra, a chronic condition.

In July of 2009, Plaintiff went to a prison clinic complaining of urinating blood and kidney pain. He was seen by defendant Dr. Ashan, and explained his history. Plaintiff repeatedly asked to see the urologist and was repeatedly denied. He says that he suffered in pain.

In August of 2009, Plaintiff went to the hospital for unrelated minor surgery, and asked to have his bladder checked, but was told he wasn't there for that reason. He was sent back to the prison. Plaintiff's mother called the prison to complain, and on August 11, 2009 Plaintiff wrote an inmate remedy complaint.

Plaintiff's condition continued to deteriorate, and on August 12, 2009, he was sent to the hospital and to see a urologist. Due to the delay, Plaintiff claims he had swollen legs, and surgery was required.

Plaintiff asserts an Eighth Amendment violation, with jurisdiction deriving from 42 U.S.C. § 1983, 42 U.S.C. § 1997e, and New Jersey law, as well as other statutes. He requests monetary and other relief. See Docket Entry No. 1.

**III.   Discussion**

    **1.   Defendants' Motion to Dismiss, or for Summary Judgment**

Defendants' Motion asserts five points: (1) Plaintiff's claims are barred because he failed to exhaust his administrative

6

remedies; (2) Defendants are entitled to summary judgment because they were not deliberately indifferent to Plaintiff's medical condition; (3) Defendants are entitled to qualified immunity on Plaintiff's federal claims; (4) Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1981; and (5) Plaintiff's federal and state claims for punitive damages must be dismissed because Plaintiff cannot make the requisite showing to warrant such relief.  See Docket Entry No. 44.

**2. Analysis**

    **a.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### b. Exhaustion

Defendants assert that Plaintiff has not exhausted remedies as required under the Prison Litigation Reform Act ("PLRA").

Pursuant to 42 U.S.C. § 1997e (a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is mandatory. Prisoners must exhaust all "available" administrative remedies, even where the relief sought, for example, monetary damages, cannot be granted by the administrative process. See Booth v. Churner, 532 U.S. 731, 734, 739 (2001).

Section 1997e(a) requires "proper exhaustion," as that term is used in administrative law. See Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. Compliance with prison grievance procedures is all that is required to properly exhaust, thus "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that exhaustion was not per se inadequate simply because an individual later sued was not named in the

grievance, where prison policy did not require the prisoner to identify a particular responsible party). See also Spruill v. Gillis, 372 F.3d 213, 231 (3d Cir. 2004) ("prison grievance procedures supply the yardstick" for determining what steps are required for exhaustion).

The Court of Appeals for the Third Circuit has held that the exhaustion requirement includes a procedural default component. See Spruill, 372 F.3d at 230. A court may consider extrinsic materials for determining whether a procedural default should be excused. See Williams v. Beard, 482 F.3d 637 (3d Cir. 2007).

Pursuant to N.J.A.C. 10A:8-1.1 to -3.6, the New Jersey State Prison adopted an Inmate Handbook which set forth information about the Inmate Request and Remedy Form System. The "Inmate Request System & Remedy Form," ("IRSF") is used "to provide a procedure for ... addressing, on a *first step basis through the inmate request coordinator*, concerns, problems or complaints which may be experienced on a daily basis." (Emphasis in original). Under ordinary circumstances, the IRSF will be processed within 30 working days. In addition, the Handbook provides that the prisoner may appeal a staff response to the IRSF. The appeal must be submitted within 10 days of the date the staff response is returned to the prisoner, must be submitted using the yellow copy of the IRSF returned to the prisoner, must use Part 4 of the form (designated for appeals), and may use additional paper. An appeal with a decision rendered completes

the process at the institutional level.  This policy was in effect until, in 2008, the New Jersey Department of Corrections adopted a standardized Inmate Handbook for all New Jersey Department of Corrections facilities.  The NJDOC procedures essentially mirrored the previous procedures at New Jersey State Prison, although requests are divided into three categories: a "Routine Inmate Request," an "Interview Request," or an "Administrative Appeal."  In addition, however, the NJDOC Handbook provides:

> All inmates may use the Inmate Remedy System.  You must use this system to help you obtain information and present your issues, concerns or complaints relative to issues or conditions under the jurisdiction of the NJDOC that affect you personally.  This process must be used ... to request an appeal of a decision or finding rendered by correctional facility staff in regard to a "Routine Inmate Request" ... that you have previously presented.

(Emphasis added).  There is no administrative appeal beyond the first level of appeal at the correctional institution level.

Here, Plaintiff was required to exhaust all available administrative remedies.  The record provided by Defendants shows that Plaintiff did not file an appeal to his August 11, 2009 administrative remedy form with regard to the claims in his complaint.  While Plaintiff states in opposition to the motion that he did appeal his remedy on August 27, 2009, and received a decision on August 31, 2009, he has not provided supporting documentation.  Defendants assert that there is no such

documentation in Plaintiff's file.  See Certification of Brenda A. Hutton, ¶ 11, attaching Plaintiff's IRFS).

Accordingly, the record reveals that Plaintiff failed to exhaust his administrative remedies, as required by 28 U.S.C. § 1997e(a) and the complaint may be dismissed, without prejudice, as against all Defendants for this reason.

### c. Eighth Amendment Standard

It is apparent to this Court that, given the state of the factual record prior to discovery having taken place, a motion for summary judgment may premature at the present time.  However, this Court has reviewed the record as provided by Defendants, and notes the following.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  See id. at 106.

Assuming Plaintiff's medical condition is serious, the second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of

11

and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110. The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner

12

from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.

In this case, this Court has reviewed the records provided by Defendants, as well as Plaintiff's allegations in his complaint and opposition brief, and finds no deliberate indifference on the part of the defendants.  Plaintiff received continuous medical attention for his condition.  From Plaintiff's first complaint of a urinary problem in October of 2007 until September 1, 2009 when his second urethroscopy was conducted at St. Francis Medical Center, Plaintiff was seen on many occasions.  Plaintiff's claims regarding Defendant Nwachukwu unsuccessfully inserting a catheter, and Defendant Ashan recommending a urinalysis instead of a specialist show that Plaintiff received care, but was unsatisfied with his care.  This Court notes that the record reveals that Plaintiff was seen by a urology consult, was admitted to the hospital for insertion of a catheter, and had no urination problem from January 2008 until the beginning of 2009.  When another problem arose in July of 2009, an examination and urinalysis was conducted, antibiotics were prescribed, and a urine culture was completed.  Plaintiff was treated at the hospital after a blockage was discovered, and prescribed medication.  Plaintiff received follow up care and was monitored.

Thus, the record is replete with instances of medical care provided for Plaintiff with regard to his condition.  As such,

Plaintiff has not demonstrated an Eighth Amendment violation to survive summary judgment.

### d. Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental

14

jurisdiction over state claims. See *Gibbs*, 983 F.2d at 1284-1285.

In this case, since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss and for Summary Judgment is granted. An appropriate Order follows.

*s/Peter G. Sheridan*
Peter G. Sheridan, U.S.D.J.

Dated: March 13, 2012

15